**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT** |
| | ) | **PHOMMAHAXAY'S MOTION** |
| vs. | ) | **TO SUPPRESS EVIDENCE** |
| | ) | |
| Zachanah Walker, a/k/a | ) | |
| Zachariah Walker, Stephanie J. | ) | Case No. 4:09-cr-087 |
| Butler, Kichong J. Phommahaxay, | ) | |
| and Shannon D. Beston, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Before the Court is Defendant Kichong Phommahaxay's Motion to Suppress Evidence filed on April 9, 2010. See Docket No. 71. An evidentiary hearing was held in Bismarck, North Dakota on June 3, 2010. The Court reserved ruling on the motion and allowed the parties to file supplemental briefs. Both parties filed briefs on July 16, 2010. See Docket Nos. 110 and 111. The Court denies the motion for the reasons set forth below.

**I.   BACKGROUND**

Defendant Kichong Phommahaxay was indicted on two counts – conspiracy to possess with the intent to distribute and distribute cocaine, and possession of cocaine with the intent to distribute. See Docket No. 1. On April 9, 2010, Phommahaxay filed a motion to suppress evidence. See Docket No. 71. Phommahaxay states:

> In this case, the law enforcement officers illegally detained the defendants and held them under arrest while they searched the hotel room and while they waited for a search warrant at a time when they did not have probable cause. Because this was in contravention of the Fourth Amendment to the United States Constitution, Mr. Phommahaxay requests the suppression of all evidence.

> Additionally, the information submitted to obtain a search warrant was insufficient to establish probable cause. Therefore, the search of the hotel room was unlawful and in violation of the Fourth Amendment to the United States Constitution. Accordingly, Mr. Phommahaxay moves to suppress all of the illegally obtained evidence.

See Docket No. 71. In his brief filed after the evidentiary hearing, Phommahaxay states:

> Law enforcement did not have a warrant to enter and search Room 224 of Four Bears Lodge and there was no probable cause nor any attendant exigent circumstances to excuse the warrant requirement. Therefore, the entry into and search of Room 224 was unlawful and in contravention of the Fourth Amendment to the United States Constitution. Accordingly, suppression of the fruits of the poisonous tree is necessary and just.

See Docket No. 111.

## II.  LEGAL DISCUSSION

Phommahaxay contends that on September 11, 2009, law enforcement officers unlawfully detained him in a hotel room at the Four Bears Casino and Lodge in New Town, North Dakota while federal authorities obtained a search warrant for the room. In his supplemental brief, Phommahaxay also contends law enforcement officers unlawfully entered the hotel room without a warrant. The Government contends that the detention pending the issuance of the search warrant was appropriate and reasonable and that law enforcement officers had consent to enter the hotel room.

The evidence reveals that at approximately 3:23 a.m. on September 11, 2009, Security Supervisor Catlin Sitting Bear from the Four Bears Casino and Lodge contacted Three Affiliated Tribes Officer Charles Hunger after noticing an odor of marijuana coming from the hotel room occupied by Phommahaxay and others, namely, room 224. The casino security officer and Officer Hunger went to the hotel room, knocked, and Zachanah Walker answered. Officer Hunger noticed an odor of marijuana outside the room and discussed the same with Walker. Walker denied using the

substance. Officer Hunger testified Walker gave consent to the casino security officer for Officer Hunger and the casino security officer to enter the room. According to Officer Hunger, Walker denied anyone was smoking marijuana in the hotel room and invited Officer Hunger and the casino security officer to look around the room. The casino security officer testified in an affidavit filed after the suppression hearing that he and Officer Hunger entered the room without asking Walker for his consent. See Docket No. 111-2. He testified Walker did not invite them into the room and did not tell them they could look around the room. See Docket No. 111-2. Once inside, Officer Hunger observed alcoholic beverage containers, drugs (including multiple marijuana cigarettes and a line of white powdery substance), and a digital scale in plain view. Officer Hunger also observed a small plastic baggy lying next to the white powder on a table. Officer Hunger asked Walker if there were more drugs in the room and Walker produced a handbag which contained additional marijuana cigarettes and multiple plastic baggies containing a white substance. The presence of these items indicated the likelihood of drug distribution. Photographs were taken of the hotel room and its contents. See Docket No. 96-1.

There were three other individuals in the hotel room when the officers arrived: Phommahaxay, Stephanie Butler, and a 17-year old Indian male. Officer Hunger detained and removed the individuals from the room and contacted federal authorities to obtain a search warrant for the hotel room. Officer Hunger waited to conduct a search of the room until the arrival of federal authorities and the search warrant. Officer Hunger also contacted the McKenzie County Sheriff's Department to take custody of Phommahaxay because he is a non-Indian.

Phommahaxay was transported to the tribal law enforcement center in New Town, North Dakota. FBI Agent Scott Williams and BIA Agent Gerald White conducted interviews of the individuals who were in the hotel room. A third agent, FBI Special Agent Michael Holt, was assigned

to obtain a federal search warrant for the hotel room. FBI Agent Williams began interviewing Phommahaxay at approximately 5:50 a.m. and concluded the interview at 7:35 a.m. The McKenzie County Sheriff arrived at the tribal law enforcement center at approximately 9:36 a.m. and took custody of Phommahaxay. A search warrant was obtained from Magistrate Judge Charles S. Miller, Jr. at 11:45 a.m. on September 11, 2009 in Bismarck, North Dakota. The search warrant was faxed to the officers in New Town, and the search warrant was executed the same day. See Docket 96-1. The record reveals that the search of the room was completed around 2:30 p.m. on September 11, 2009. FBI Special Agent Holt testified that Walker indicated during his interview that he had let Officer Hunger and the casino security officer into the hotel room.

### A.     **WARRANTLESS ENTRY**

Phommahaxay contends Officer Hunger's warrantless entry into the hotel room was unreasonable. As a preliminary matter, the Court will address whether Phommahaxay waived his right to challenge the lawfulness of Officer Hunger's warrantless entry into the hotel room. Phommahaxay did not address the warrantless entry into the hotel room in his motion to suppress or his initial brief in support of the motion, but raised the issue in a supplemental brief filed after the evidentiary hearing. The Government contends Phommahaxay waived his right to challenge the warrantless entry by not raising the issue in his motion. Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure requires motions to suppress evidence be made before trial. Rule 12(c) allows the Court to set a deadline for the parties to make pretrial motions. Rule 12(e) states, "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver." Magistrate Judge Miller set a deadline of April 9, 2010, for filing pretrial motions in this case. See Docket No. 66.

Phommahaxay's challenge to the warrantless entry into the hotel room was not raised until after this deadline. While Phommahaxay has arguably waived his right to challenge the warrantless entry, the Court will consider his argument on the merits.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The "central requirement" of the Fourth Amendment is reasonableness. Illinois v. McArthur, 531 U.S. 326, 330 (2001). The reasonableness of the search is determined "by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." Wyoming v. Houghton, 526 U.S. 295, 300 (1999). The general rule is that law enforcement must secure a warrant before conducting a search. Katz v. United States, 389 U.S. 347, 357 (1967); United States v. Alberts, 721 F.2d 636, 638 (8th Cir. 1983).

There are exceptions to the general warrant requirement. The United States Supreme Court has explained, "[A] warrantless entry and search by law enforcement officers does not violate the Fourth Amendment's proscription of 'unreasonable searches and seizures' if the officers have obtained the consent of a third party who possesses common authority over the premises." Illinois v. Rodriguez, 497 U.S. 177, 179 (1990) (citing United States v. Matlock, 415 U.S. 164 (1974)). The evidence indicates room 224 was registered to Walker. Officer Hunger testified that Walker invited him and the casino security officer into the room. FBI Special Agent Holt testified that Walker indicated he let Officer Hunger and the casino security officer into the room. The Court finds this testimony to be credible. The Court further finds that Officer Hunger's warrantless entry into the hotel room after obtaining Walker's consent was reasonable.

**B.     DETENTION OF DEFENDANT**

Phommahaxay also contends his detention by law enforcement while they obtained a search warrant was unreasonable. A warrantless search or seizure may be reasonable when faced with special law enforcement needs, diminished expectations of privacy, or minimal intrusions. McArthur, 531 U.S. at 330. The United States Supreme Court has found the temporary seizure of a container for the time necessary to secure a warrant to be reasonable when law enforcement officers had probable cause to believe that the container held contraband or evidence of a crime. United States v. Place, 462 U.S. 696, 701 (1983). In Segura v. United States, 468 U.S. 796, 810 (1984), the Supreme Court held that the temporary securing of a residence by law enforcement officers to prevent the removal or destruction of evidence does not violate the Fourth Amendment when the officers had probable cause to believe that the residence contained contraband.

In McArthur, the Supreme Court expanded this reasoning to a law enforcement officer's refusal to allow the defendant from entering his own residence until a search warrant was obtained where the officer had probable cause to believe the residence contained contraband. In McArthur, the defendant's wife contacted law enforcement to accompany her to her residence to keep the peace while she gathered her belongings. The defendant's wife informed the officers that her husband had been hiding marijuana in their home and that she had observed him "slid[e] some dope underneath the couch." McArthur, 531 U.S. at 329. The officers knocked on the door and requested permission to enter the residence, which the defendant denied. An officer was then sent to obtain a search warrant for the residence. The defendant then exited the residence and stood on the porch with the officers. The officers informed the defendant he would not be allowed to re-enter his residence unless an officer accompanied him. A search warrant was obtained approximately two hours later. A search of the residence uncovered marijuana and drug paraphernalia. The defendant was charged in state court with

unlawfully possessing marijuana and drug paraphernalia. The defendant sought to suppress the evidence, arguing the evidence was obtained as the "fruit" of an unlawful detention of his person. Id. The Supreme Court found the detention reasonable because (1) the officers had probable cause to believe that the defendant's home contained unlawful drugs; (2) the officers had good reason to believe that, unless detained, the defendant would destroy the evidence before they could return with a warrant; (3) the officers made reasonable efforts to reconcile their law enforcement needs with the demands of personal privacy by neither searching the home nor arresting the defendant before obtaining a warrant; and (4) the detention lasted for a limited period of time, namely, two hours. Id. at 331-33.

In this case, the Court finds that the law enforcement officers had probable cause to believe that criminal drug activity was occurring in the Defendants' hotel room. The evidence reveals that the Four Bears Casino and Lodge security supervisor detected an odor of marijuana emanating from the Defendants' hotel room. The security officer contacted a tribal law enforcement officer, Officer Hunger, who arrived on location and also noticed the odor of marijuana emanating from room 224. The casino security officer knocked on the Defendants' hotel room door, and Walker allowed the security officer and Officer Hunger to enter the room. Phommahaxay was one of the individuals present in the room. Officer Hunger observed in plain view multiple marijuana cigarettes, a line of white powdery substance, plastic baggies, and a digital scale. The Court finds that these observations gave Officer Hunger probable cause to arrest Phommahaxay. See Maryland v. Pringle, 540 U.S. 366, 370 (2003) ("A warrantless arrest of an individual in a public place for a felony, or a misdemeanor committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is supported by probable cause").

The Court further finds that the detention of Phommahaxay was appropriate and reasonable. Given the distance between the alleged crime scene and Magistrate Judge Miller's office, the period of detention was not unreasonable. See Segura, 468 U.S. at 812 (finding that a 19-hour detention by law enforcement officers was not unreasonable where there was no suggestion that the officers, in bad faith, purposely delayed securing the search warrant). Phommahaxay has not alleged, nor does the Court find, that the officers purposely delayed in securing or executing the search warrant. The record reveals that the law enforcement officers secured the room but did not search the hotel room until a warrant was issued.

C.     **PROBABLE CAUSE FOR SEARCH WARRANT**

Phommahaxay also argues further that the search warrant was not based on probable cause. The Court finds that the supporting affidavit for the issuance of the search warrant clearly established probable cause that contraband would be found in the hotel room. "Probable cause is 'a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules.'" Walden v. Carmack, 156 F.3d 861, 870 (8th Cir. 1998) (quoting Illinois v. Gates, 462 U.S. 213, 232 (1983)). The Eighth Circuit Court of Appeals has explained:

> The court issuing a search warrant must "make a practical commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."

United States v. Carter, 413 F.3d 712, 714 (8th Cir. 2005) (quoting Gates, 462 U.S. at 238). Probable cause can be based on a law enforcement officer's observations. United States v. Terry, 305 F.3d 818,

822-23 (8th Cir. 2002).  More important, after a judicial officer has issued a search warrant upon a finding of probable cause, "that finding deserves great deference." Walden, 156 F.3d at 870.

The affidavit submitted in this case establishes that in the early hours of September 11, 2009, the casino security officer and Officer Hunger detected a strong odor of marijuana emanating from room 224.  Walker consented and allowed the casino security officer and Officer Hunger to enter the hotel room and, upon entry, Officer Hunger observed in plain view multiple marijuana cigarettes, a line of white powdery substance, plastic baggies, and a digital scale.  There is little question that probable cause existed for the issuance of a search warrant.

It is clear from the record that Magistrate Judge Miller made a practical, commonsense decision, given all the factual circumstances before him, that probable cause existed for the issuance of a federal search warrant.  In accordance with well-established precedent in the Eighth Circuit, Magistrate Judge Miller's findings of probable cause deserve great deference.  Based on a careful review of the entire record, and the considerable deference to be given to the magistrate judge's decision, the Court finds that probable cause clearly existed to support the issuance of a federal search warrant of room 224 at the Four Bears Casino and Lodge in New Town, North Dakota on September 11, 2009.

### III.    CONCLUSION

The Court finds that Officer Hunger's warrantless entry into the hotel room with Walker's consent was reasonable, and that the temporary detention of Phommahaxay until a search warrant was obtained was appropriate and reasonable under the Fourth Amendment.  The Court further finds that the search warrant was based on probable cause that contraband would be found in the Defendants' hotel room at the casino.  Phommahaxay's motion to suppress evidence (Docket No. 71) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 17th day of August, 2010.

               */s/ Daniel L. Hovland*
               Daniel L. Hovland, District Judge
               United States District Court